IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALBERT ANDERSON,                )
                                )
                Plaintiff,      )
                                )
        v.                      )       1:20CV596
                                )
WINSTON-SALEM POLICE DEPARTMENT, )
et al.,                         )
                                )
                Defendant(s).   )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee at the Forsyth County Detention Center, submitted a pro se Complaint (Docket Entry 2) under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The Court noted that Plaintiff failed to sign the Complaint and stayed the matter for 30 days to allow Plaintiff to remedy that deficiency. Plaintiff then submitted a signed signature page for the Complaint (Docket Entry 4) as well as an Amended Complaint (Docket Entry 5). Both are now before the Court for review.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

For the reasons that follow, portions of the Complaint and Amended Complaint should go forward, but other portions should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they fail to state a claim on which relief may be granted.

The Complaint and Amended Complaint name three Winston-Salem police officers, B. Ferguson, Lavally, and Boissey, as Defendants in the case in their individual capacities. They allege that an unmarked police car knocked Plaintiff off of his scooter, prompting him to flee in fear for his life. Defendant Ferguson allegedly tackled Plaintiff, pulled out his hair, and clawed him with fingernails behind his ears while handcuffing him. Defendant Ferguson then allegedly held Plaintiff in a chokehold while Defendants Lavally and Boissey pulled down Plaintiff's pants and stuck their finger's into his anal area. Plaintiff eventually passed out. Based on these allegations, the undersigned concludes that Plaintiff states a claim against these three Defendants for the use of excessive force during Plaintiff's arrest and that the Complaint should go forward as to those Defendants in their individual capacities.

The Complaint and Amended Complaint also name the Winston-Salem Police Department and Winston-Salem Police Chief Catrina Amelia Thompson as Defendants and name the three Officer Defendants in their official capacities. Under North Carolina law, a police department is merely a component part of a municipality and not a separate entity that can sue or be sued. See Fields v. Tucker, No. 1:10CV844, 2011 WL 4345306, at *1 n. 1 (M.D.N.C. Sept. 15, 2011) (unpublished), recommendation adopted in relevant part, 2012 WL 174820, at *1–2 (M.D.N.C. Jan. 20, 2012) (unpublished). Plaintiff's claims against the Winston-Salem Police Department should be dismissed on this basis.

-3-

Even if the Court treated the Complaint and Amended Complaint as raising claims against the City of Winston-Salem they would still fail because,

> "[a] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978) (emphasis in original). "Only in cases where the municipality causes the deprivation 'through an official policy or custom' will liability attach." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)). "Because section 1983 was not designed to impose municipal liability under the doctrine of respondeat superior, the 'official policy' requirement was 'intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby to make clear that municipal liability is limited to action for which the municipality is actually responsible.'" Riddick v. School Bd. of Portsmouth, 238 F.3d 518, 523 (4th Cir. 2000) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986)). "To state a cause of action against a municipality, a section 1983 plaintiff must plead (1) the existence of an official policy or custom; (2) that the policy or custom is fairly attributable to the municipality; and (3) that the policy or custom proximately caused the deprivation of a constitutional right." Pettitford v. City of Greensboro, 556 F.Supp.2d 512, 530 (M.D.N.C. 2008).

Roseboro v. Winston-Salem/Forysth County School Board of Education, No. 1:14CV455 2014 WL 5304981, at *4 (M.D.N.C. Oct. 15, 2014) (footnote omitted), recommendation adopted, No. 1:14CV455 (M.D.N.C. Dec. 9, 2014). Here, Plaintiff does not plead the existence of any policy or practice fairly attributable to the Police Department or the City of Winston-Salem which proximately caused a deprivation of his constitutional rights. At times, the Complaint mentions policies or procedures, but it does not identify them and simply states in conclusory fashion that the Police Department acted in accordance with those policies and procedures. Plaintiff sets out no actual facts to support these conclusory allegations. Therefore, the Complaint and Amended Complaint state no claim for relief

-4-

against the Winston-Salem Police Department even if the Court considers the City of Winston-Salem as the true Defendant. This failure also means that the Complaint and Amended Complaint state no claim based on the Officer Defendants' actions in their official capacities.

Finally, the Complaint and Amended Complaint name Defendant Thompson in both her official and individual capacities, but do not set out any facts showing personal involvement on her part. Instead, they base the allegations against her on her position as a supervisor of the Officer Defendants and on unidentified policies and procedures. Theories of *respondeat superior* or predicated solely on a defendant's identity as a supervisor do not exist under § 1983, Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009), and, as discussed above, the allegations concerning policies and procedures are entirely conclusory. The Complaint and Amended Complaint therefore fail to state a claim as to Defendant Thompson and the Court should dismiss the claims against her. This dismissal and the dismissal of the other official capacity claims should be without prejudice to Plaintiff later amending his pleadings if he can allege sufficient facts to state a claim for relief.

As for Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment of $12.63. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE RECOMMENDED that Plaintiff's individual capacity claims against Defendants Ferguson, Lavally, and Boissey be allowed to proceed but that the remainder of the claims be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a

-5-

Case 1:20-cv-00596-LCB-LPA   Document 6   Filed 10/22/20   Page 5 of 7

claim upon which relief may be granted. The dismissal as to Defendant Thompson and the official capacity claims against Defendants Ferguson, Lavally, and Boissey should be without prejudice to Plaintiff moving to amend his pleadings if he can state proper claims for relief.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $12.63.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of December of 2020, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:20CV596, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons as to the remaining Defendants be stayed until Plaintiff either (1) submits to the Court the initial payment noted above, or (2) in the alternative submits a

motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for the initial payment noted above for the 20-day period.

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

This, the 22nd day of October, 2020.

                                                 /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                       **United States Magistrate Judge**